1
2
3
4                     UNITED STATES DISTRICT COURT
5                   NORTHERN DISTRICT OF CALIFORNIA
6
7    P2I LTD.,                              Case No.  23-cv-01690-AMO
8                  Plaintiff,
9          v.                              **ORDER DENYING PLAINTIFF'S
                                           MOTION TO STAY PENDING
10   FAVORED TECH USA CORPORATION,         FEDERAL CIRCUIT APPEAL**
     et al.,
11               Defendants.               Re: Dkt. No. 178
12
13         Plaintiff P2i Ltd. ("P2i") has filed a motion to stay further briefing on Defendants' pending

14   motion for attorney's fees pending resolution of the Federal Circuit appeal of this case.  The

15   matter is fully briefed and suitable for decision without oral argument.  Accordingly, the hearing

16   set for December 18, 2025, is VACATED.  *See* Civil L.R. 7-6, Fed. R. Civ. Pro. 78(b).  Having

17   read the parties' papers and carefully considered their arguments and the relevant legal authority,

18   and good cause appearing, the Court hereby **DENIES** P2i's request for a stay, for the following

19   reasons.

20   I.      **BACKGROUND**

21         The Court assumes familiarity with the facts and history of this case.  The Court provides

22   the following limited background to contextualize this order.

23         P2i initiated this lawsuit by filing an original complaint on April 7, 2023.  The original

24   complaint alleged direct, induced, contributory, and willful infringement of both the '087 and '070

25   patents, trade secret misappropriation, something it called "Federal Common Law Unfair

26   Competition," California Unfair Business Practices, and tortious interference.  Defendants moved

27   to dismiss, and P2i filed its first amended complaint in response.  Defendants moved to dismiss

28   the amended pleading, which the Court granted with leave to amend.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    P2i filed a second amended complaint.  Defendants moved to dismiss that pleading as well.

2    The Court dismissed with prejudice P2i's inducement, contributory infringement, and willful

3    infringement claims on both asserted patents.  *See* Dkt. No. 85.  The case proceeded as to the

4    remaining causes of action for both asserted patents.

5    Defendant Favored filed a petition for inter partes review at the Patent Trial and Appeal

6    Board ("PTAB") challenging the validity of all of the '087 patent claims P2i would later assert in

7    this case except for claim 8.  The PTAB thereafter issued a Final Written Decision invalidating all

8    of the challenged claims (1-5, 7, and 9-14).  In this case, P2i subsequently sought to voluntarily

9    dismiss its causes of action premised on the '087 patent, which the Court then dismissed with

10    prejudice under Federal Rule of Civil Procedure 41(a)(2).  *See* Dkt. No. 155.

11    In the interim, Defendants filed a motion for judgment on the pleadings, alleging that all

12    claims of the '070 patent were subject-matter ineligible pursuant to Title 35 U.S.C. §101 and the

13    Supreme Court's *Alice* decision.  Following briefing and argument, the Court granted Defendants'

14    motion for judgment, finding the '070 patent ineligible and invalid.  Dkt. No. 148.

15    Having dismissed or invalidated the several causes of action, the Court issued judgment in

16    favor of Defendants.  Dkt. No. 161.  P2i appealed the judgment to the Federal Circuit; the appeal

17    remains pending at the time of writing.  *See* Dkt. No. 162.  Defendants filed a motion for

18    attorney's fees pursuant to Title 35 U.S.C. § 285.  *See* Dkt. No. 168.  After stipulating with

19    Defendants to extend the deadline to file a brief in opposition to the motion for attorney's fees, P2i

20    instead filed the instant motion to stay briefing until after its appeal is completed – P2i has not yet

21    filed an opposition brief.

22    **II.    DISCUSSION**

23    Courts have discretion to defer the determination of fees while an appeal on the merits of a

24    case is pending.  Fed. R. Civ. P. 54(d) advisory committee's notes to 1993 amendment.  However,

25    "the weight of authority is that the usual course is for the Court to consider attorneys' fees

26    promptly after the merits decision rather than stay a motion for attorneys' fees until resolution of

27    the appeal."  *Pers. Web Techs., LLC v. EMC Corp.*, No. 5:13-CV-01358-EJD, 2020 WL 1557441,

28    at *1 (N.D. Cal. Apr. 1, 2020) (citation omitted).  Courts consider four factors to determine

whether to stay awarding attorneys' fees and costs pending appeal: (1) "whether the stay applicant has made a strong showing that he is likely to succeed on the merits;" (2) "whether the applicant will be irreparably injured absent a stay;" (3) "whether issuance of the stay will substantially injure the other parties interested in the proceeding;" and (4) "where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Emblaze Ltd. v. Apple, Inc.*, 2015 WL 1304779, at *2 (N.D. Cal. Mar. 20, 2015) (applying factors to determine whether to stay taxation of costs pending appeal and noting that "[i]n considering these factors, courts in this district have repeatedly denied requests to stay taxation of costs").  "A plaintiff need not satisfy all four factors."  *Pers. Web Techs.*, 2020 WL 1557441, at *1.

Here, P2i fails to establish that the Court should stay resolution of the motion for attorney's fees pending its appeal.

First, P2i does not show it has a significant chance of success on appeal; rather, it suggests that the subject-matter eligibility of the '070 patent "will be raised" in its appeal and that the appeal will assist this Court "[n]o matter the outcome."  Dkt. No. 178 at 4.  This falls well short of establishing a "strong likelihood" that P2i will prevail on the merits before the Federal Circuit.  *Cf. Leiva-Perez v. Holder*, 640 F.3d 962, 966-68 (9th Cir. 2011) (noting that the movant must show, at a minimum, that she has a "substantial case" for relief on the merits).  Accordingly, this first factor does not support a stay.[1]

Second, P2i does not establish how it will be irreparably harmed absent a stay.  P2i fails to offer any argument, let alone evidence, showing that it will be irreparably harmed absent a stay. *See Pers. Web Techs.*, 2020 WL 1557441, at *2 (noting, as an example of irreparable harm, a party's "limited financial resources such that ligating attorneys' fees would result in bankruptcy"). This second factor therefore also does not support a stay.

Third, the parties have not identified any other parties that would suffer injury from a stay.

---

[1] In support of its reply brief, P2i cites and appends an "independent analysis" opining that the Court's order granting judgment on the pleadings erred in its application of the *Alice* factors.  *See* Dkt. No. 180-2.  The Court declines to consider evidence or argument presented for the first time on reply.  But even if the Court considered the cited material, it would find such a blog post unavailing to establish a substantial case that P2i might prevail on the merits of its appeal.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Fourth, P2i argues that the public interest is best served by the Court conserving judicial

2 resources and not engaging in an analysis that may be unnecessary. *See* Dkt. No. 178 at 3-4. The

3 Court disagrees on the basis that "judicial economy is better served by determining attorneys' fees

4 promptly while the details of the proceedings are still fresh and when the Federal Circuit has the

5 opportunity to consider any appeal of the calculation at the same time as the appeal on the merits."

6 *Spitz Techs. Corp. v. Nobel Biocare USA LLC*, No. SACV1700660JVSJCGX, 2018 WL 6016149,

7 at *2 (C.D. Cal. Aug. 13, 2018), aff'd, 773 F. App'x 625 (Fed. Cir. 2019); *see also* Fed. R. Civ. P.

8 54(d) advisory committee's notes to 1993 amendment. Additionally, "there is a public interest in

9 holding parties to their stipulations." *Pers. Web Techs.*, 2020 WL 1557441, at *2. As Defendants

10 emphasize in their opposition brief, both the Court and Defendants relied on P2i's stipulation

11 regarding the filing of an opposition brief to the pending motion for attorney's fees, and permitting

12 P2i to unilaterally circumvent that agreement would not serve the public interest. Accordingly,

13 this factor does not favor a stay.

14    In sum, the weight of the *Hilton* factors tip against the Court deferring consideration of the

15 motion for attorney's fees pending appeal.

### III.    CONCLUSION

17    For the foregoing reasons, and in the exercise of the Court's discretion, the Court **DENIES**

18 P2i's request to stay briefing on Defendants' motion for attorney's fees. P2i's opposition to the

19 motion to attorney's fees, if any, shall be filed by no later than Thursday, December 18.

20 Defendants' reply brief, if any, shall be filed by no later than January 12, 2025.

21

22    **IT IS SO ORDERED.**

23 Dated: December 10, 2025

24

25

26 **ARACELI MARTÍNEZ-OLGUÍN**
   **United States District Judge**

27

28