UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

P2I LTD.,

            Plaintiff,

     v.

FAVORED TECH USA CORPORATION, et al.,

            Defendants.

Case No.  23-cv-01690-AMO

**ORDER RE DEFENDANTS' ATTORNEY'S FEES**

On March 27, 2026, the Court granted Defendants' motion for attorney's fees pursuant to Title 35 U.S.C. § 285 and the Court's inherent authority. Dkt. No. 194. The Court assumes familiarity with that order for purposes of the discussion below. In the March 27 Order, the Court left unresolved the specific amount of the attorney's fees award and ordered Defendants' counsel to submit more detailed billing records, as well as more evidence supporting the reasonableness of their claimed hourly rates within 21 days. Dkt. No. 194 at 19. The Court permitted Plaintiff the opportunity to submit any objections to Defendants' supplemental materials within seven days following Defendants' submissions. *Id.* Defendants filed the requested materials on April 17, 2026. *See* Dkt. Nos. 196 & 197. Plaintiff filed its objections on April 27, 2026. Dkt. No. 199.[1]

---

[1] The day Plaintiff's objections were due, Plaintiff filed a motion requesting an extension of time of three days (one business day), from April 24 to April 27, 2026. Dkt. No. 198. Plaintiff filed its objections on April 27, 2026. Dkt. No. 199. Defendants filed an opposition to Plaintiff's requested extension on April 29, 2026. Dkt. No. 201. The Court, in its discretion, GRANTS Plaintiff's motion and considers the tardy objections in reaching the conclusions below. Plaintiff's repeated failure to meet case deadlines, even after the Court cited such deficient litigation conduct in granting Defendants' motion for attorney's fees, Dkt. No. 194, only bolsters and reifies the Court's earlier determination.

United States District Court
Northern District of California

## I.    DISCUSSION

As noted in the March 27 Order, courts look to the lodestar amount to assess the reasonableness of requested attorney's fees, which is presumptively reasonable. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992); *Vogel v. Harbor Plaza Center, LLC*, 893 F.3d 1152, 1161 (9th Cir. 2018). The lodestar calculation requires examination of "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986). "This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Furthermore, while the lodestar amount provides guidance, "[t]here is no precise rule or formula for making these determinations." *Hensley*, 461 U.S. at 436. A court "necessarily has discretion in making this equitable judgment." *Id.* at 437. The Court considers Defendants' counsel's supplemental materials to assess in turn (1) the reasonableness of their hourly rates and (2) the reasonableness of the hours expended litigating the case.

### A.    Hourly Rate

The reasonable hourly rate is determined by "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986), amended on other grounds, 808 F.2d 1373 (9th Cir. 1987) (citing *Blum v. Stetson*, 465 U.S. 886, 895 n.11 (1984)). The relevant community is typically the forum in which the district court sits; in this case, the relevant community is the Northern District of California. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The prevailing market rate is guided by attorney affidavits as well as "decisions by other courts awarding similar rates for work in the same geographical area by attorneys with comparable levels of experience." *Trujillo v. Orozco*, No. 17-CV-00566-EJD, 2018 WL 1142311, at *2 (N.D. Cal. Mar. 2, 2018); *see also United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

Plaintiff does not object to the hourly rates requested by Defendants' counsel. *See* Dkt. No. 199. In support of the reasonableness of the hourly rates sought, Defendants' counsel

submitted the declaration of Brian Fanning, Senior Director of Pricing and Profitability at Perkins Coie LLP. *See* Dkt. No. 197-4. Fanning conducted a thorough review of market benchmarks for the Northern District of California for the years 2023-2025, as well as benchmarks across Northern California for 2026, and he found that the hourly rates charged by the partners, counsel, associates, and senior paralegals staffed to this case almost all fell below the median or only slightly above median. *Id.* Such favorable comparisons support the reasonableness of the rates charged. In addition to the Fanning Declaration, Defendants' counsel submitted a copy of the American Intellectual Property Law Association ("AIPLA") 2023 Report of the Economic Survey demonstrating average hourly billing rates. *See* Dkt. No. 197-3. The AIPLA Report also shows the hourly rates charged by Defendants' attorneys and staff to fall within the range of average hourly rates for those in Northern California. *Id.* Based on these materials, the Court finds that the hourly rates charged by Defendants' attorneys and staff to be consistent with the prevailing rates over the course of the litigation and thus reasonable.

### B.    Hours Expended

The number of hours is based only on the amount of time "reasonably expended on the litigation" and excludes "hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 433-34. In assessing the reasonableness of the time and costs expended on the litigation of frivolous and non-frivolous claims, the Supreme Court guides, "the dispositive question is not whether attorney costs at all relate to a non-frivolous claim, but whether the costs would have been incurred in the absence of the frivolous allegation. The answers to those inquiries will usually track each other, but when they diverge, it is the second that matters." *Fox v. Vice*, 563 U.S. 826, 838 (2011). The fee applicant must submit appropriate documentation to meet "the burden of establishing entitlement to an award." *Id.* at 838 (quoting *Hensley*, 461 U.S. at 437). "But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox*, 563 U.S. at 838; *see also Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 110 (2017) (quoting the same). "So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time. And appellate courts must

3

give substantial deference to these determinations, in light of 'the district court's superior understanding of the litigation.' " *Fox*, 563 U.S. at 838 (quoting *Hensley*, 461 U.S. at 437).

Plaintiff objects to 14 categories of billing entries. Dkt. No. 199. Plaintiff provides detailed charts reflecting challenged billing entries, with at least some time entries falling within the charts of multiple objections. Dkt. No. 200; Dkt. No. 200-1 *through* 200-14.[2] The Court declines Plaintiff's invitation to scour the dozens of pages of billing entries to which it objects – as the Supreme Court acknowledges, "trial courts need not, and indeed should not, become green-eyeshade accountants." *Fox*, 563 U.S. at 838. The Court briefly considers some overarching themes from Plaintiff's objections and rules on the 14 objections below.

First, Plaintiff objects to Defense counsel's requests for fees relating to the '070 patent prior to February 14, 2025, based on the Court's determination that Plaintiff had an arguably reasonable basis for bringing the infringement claim even if it became unreasonable to maintain that claim following Defendants' February 14, 2025 letter. *See* Dkt. No. 200-1. The Court agrees based on the conclusion reached in its earlier order. Dkt. No. 194 at 11-13.

Second, Plaintiff objects to Defense counsel's requests for fees relating to drafting and preparing the motions to dismiss, Defendants' Rule 12(c) motion, routine litigation conduct, witness interviews, discovery, and preparation of expert witnesses. *See* Dkt. No. 200-2 *through* Dkt. No. 200-9 & Dkt. No. 200-13. Several of these objections arise from Plaintiff's attempt to delineate between work related to the '087 patent and work related to the '070 patent. *See* Dkt. No. 199 at 2-5. Based on the records as well as the Court's sense of the case, the Court finds that the fees requested would not have accrued but for Plaintiff's frivolous claims. *Cf. Fox*, 563 U.S. at 839. Further, the Court found the entire case to be exceptional under Section 285 even if it earlier determined that a category of hours should be excluded. *See generally* Dkt. No. 194. Defendants are entitled to an award of fees based on their reasonable and successful defense of the case.

---

[2] The Court GRANTS both administrative motions to file the billing records under seal. Dkt. Nos. 196 & 200.

United States District Court
Northern District of California

Third, Plaintiff objects to Defense counsel's request for fees related to drafting and preparing earlier motions for sanctions, including a motion for attorney's fees arising from the motion to dismiss briefing, a Rule 11 motion, and the Section 285 motion. Dkt. No. 199; *see also* Dkt. No. 200-11, Dkt. No. 200-12, Dkt. No. 200-14. In the Ninth Circuit, a party may recover attorney's fees for time reasonably spent on motions for attorney's fees – often referred to as "fees on fees." *See Brown v. Sullivan*, 916 F.2d 492, 497 (9th Cir. 1990); *see also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008). "[T]he Court may reduce or deny an award for such fees-on-fees based on hours not reasonably expended, based on the results obtained in the litigation, or some other relevant consideration." *Abittan v. Hansen L. Firm, P.C.*, No. 25-CV-05427-SVK, 2026 WL 1215531, at *8 (N.D. Cal. May 4, 2026) (internal quotation marks & citations omitted). The Court finds that Defendants only partially prevailed on their first motion for an award of attorney's fees, Dkt. No. 90, and a reduction of the fees expended on that motion is appropriate. Defendants largely prevailed on their Rule 11 motion, Dkt. No. 136, based on Plaintiff's voluntary dismissal of one of the patent claims as well as the Court's eventual finding of bad faith litigation conduct and are entitled to the entirety of the fees expended preparing that motion. Defendants prevailed on their motion for attorney's fees under Section 285, Dkt. No. 168, and are entitled to the entirety of the fees expended preparing that motion.

With the preceding discussion in mind, as well as the Court's determination that Defendants' counsel was alternatively entitled to an award of attorney's fees pursuant to the Court's inherent authority based on a finding of bad faith, Dkt. No. 194 at 17, the Court rules on Plaintiff's objections as follows:

- Plaintiff objects to Defense counsel's claim for work relating to the '070 Patent prior to February 14, 2025, identified in Plaintiff's Exhibit A. Dkt. No. 200-1. The Court SUSTAINS that objection. *See* Dkt. No. 194 at 11-13.
- Plaintiff objects to Defense counsel's claim for routine litigation activities (pre-2/14/25) identified in Plaintiff's Exhibit B. Dkt. No. 200-2. The Court OVERRULES that objection because Defendants are entitled to an award of fees based on their reasonable and successful defense of the case.

United States District Court
Northern District of California

United States District Court
Northern District of California

- Plaintiff objects to Defense counsel's claim for witness interviews identified in Plaintiff's Exhibit C. Dkt. No. 200-3. The Court OVERRULES that objection because Defendants are entitled to an award of fees based on their reasonable and successful defense of the case.

- Plaintiff objects to Defense counsel's claim for work with expert witnesses identified in Plaintiff's Exhibit D. Dkt. No. 200-4. The Court OVERRULES that objection because Defendants are entitled to an award of fees based on their reasonable and successful defense of the case.

- Plaintiff objects to Defense counsel's claim for discovery activities identified in Plaintiff's Exhibit E. Dkt. No. 200-5. The Court OVERRULES that objection because Defendants are entitled to an award of fees based on their reasonable and successful defense of the case.

- Plaintiff objects to Defense counsel's claim for Combined Patent Issues (pre-2/14/25) identified in Plaintiff's Exhibit F. Dkt. No. 200-6. The Court SUSTAINS that objection in part and, based on a review of the records cited therein, reduces the amount attributable to those billing entries by 50%.

- Plaintiff objects to Defense counsel's claim for First motion to dismiss identified in Plaintiff's Exhibit G. Dkt. No. 200-7. The Court OVERRULES that objection because Defendants are entitled to an award of fees based on their reasonable and successful defense of the case.

- Plaintiff objects to Defense counsel's claim for Second motion to dismiss identified in Plaintiff's Exhibit H. Dkt. No. 200-8. The Court OVERRULES that objection because Defendants are entitled to an award of fees based on their reasonable and successful defense of the case.

- Plaintiff objects to Defense counsel's claim for Third motion to dismiss identified in Plaintiff's Exhibit I. Dkt. No. 200-9. The Court OVERRULES that objection because Defendants are entitled to an award of fees based on their reasonable and successful defense of the case.

- Plaintiff objects to Defense counsel's claim for trade-secret-only activities identified in Plaintiff's Exhibit J.  Dkt. No. 200-10.  The Court SUSTAINS that objection because the Court did not find Defendants entitled to an award of fees on the trade secret claims.
- Plaintiff objects to Defense counsel's claim for Defendants' Rule 11 motion identified in Plaintiff's Exhibit K.  Dkt. No. 200-11.  The Court OVERRULES that objection because Defense counsel is entitled to fees-on-fees.
- Plaintiff objects to Defense counsel's claim for Defendants' prior sanctions motion identified in Plaintiff's Exhibit L.  Dkt. No. 200-12.  The Court SUSTAINS that objection in part because Defendants prevailed on only a portion of that motion.  Accordingly, the Court reduces the amount attributable to those billing entries by 75%.
- Plaintiff objects to Defense counsel's claim for Work Relating to Defendants' Rule 12(c) Motion (post-2/14/25) identified in Plaintiff's Exhibit M.  Dkt. No. 200-13.  The Court OVERRULES that objection Defendants are entitled to an award of fees based on their reasonable and successful defense of the case.
- Plaintiff objects to Defense counsel's claim for Defendants' Section 285 motion identified in Plaintiff's Exhibit N.  Dkt. No. 200-14.  The Court OVERRULES that objection because Defense counsel is entitled to fees-on-fees.

//
//

//
//

//
//

United States District Court
Northern District of California

7

**II.     CONCLUSION**

For the foregoing reasons, and based on the Court's order granting Defendants' motion for attorney's fees, Dkt. No. 194, the Court **AWARDS** counsel for Defendants $2,208,115.77 in attorney's fees.  The Court reached this number by reducing the amounts of the objections sustained above, $478,168.23, from the total amount requested by Defendants' counsel, $2,686,284.  If necessary, Defendants may submit a proposed order to give effect to this award within 28 days from the date of this order.

**IT IS SO ORDERED.**

Dated: June 12, 2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California